Eric Olson #37630
Baker, Olson, LeCroy & Danielian
100 W. Broadway #990
Glendale, CA 91210
Tel: 818 502 5600
Fax: 818 241 2653
Email:     eoesq@boldlaw.com

ATTORNEYS FOR CHARLES L.
LeCROY III as Successor Guardian ad Litem of M.S.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>M.S. a minor by and through her guardian CHARLES L. LeCROY III, VAHE SAROYAN, MIHRAN PAPAZIAN, DOES 1-10,<br><br>　　　　　Defendants. | NO. 2.19-CV-09628-MCS-AGRx<br><br>NOTICE OF MOTION BY CHARLES L. LeCROY III AS GAL OF M.S. TO STAY PROCEEDINGS TO PROTECT 5TH AMENDMENT RIGHTS OF M.S.; DECLARATION OF ERIC OLSON; POINTS AND AUTHORITIES<br><br>Hearing:　　July 12, 2021<br>Time:　　　9:00 am<br>Courtroom:　7C<br>　　　　　　350 W. First St<br>　　　　　　Los Angeles, CA<br>Hon. Mark C. Scarsi |

　　　PLEASE TAKE NOTICE that on JULY 12, 2021 at 9:00 a.m. at the Courtroom of the Hon. Mark C. Scarsi, Courtroom 7C at 350 West First Street, Los Angeles, CA 90012,  Defendant Charles L. LeCroy III as Guardian ad Litem of M.S. will move the Court to stay further proceedings in the within case pending

NOTICE OF MOTION BY CHARLES L. LeCROY AS GAL OF M.S. TO STAY PROCEEDINGS TO PROTECT

5TH AMENDMENT RIGHTS OF M.S.; DECLARATION OF ERIC OLSON; POINTS AND AUTHORITIES 1

the resolution of Los Angeles Police Department Case No. 211606525 ("LAPD Case") in order to protect the 5th Amendment rights of the minor, M.S.

Such motion will be made on the grounds that in the LAPD Case, as more fully set forth in the attached declaration, on May 27, 2021 a Los Angeles Police Officer came to the condominium where M.S. resides, announced that he was there in connection with a report filed about a "3/29 incident, when she had reportedly thrown a Fabreeze bottle and a pill bottle and hit [Defendant herein Vahe Saroyan, her father] in the head." "The officer said that he was not there to question her about that, but to offer the opportunity to enroll in a diversion program. If she did not choose the program 'according to the LAPD policy and procedures' he would arrest her, book her at Van Nuys, and then transport her to the juvenile facility at Sylmar, where they would decide next steps for her." "With diversion, the charges would essentially be dropped."

She was given until the following Wednesday (June 2, 2021) to respond.

Later on May 27, 2021 Shepard Kopp, Esq had been engaged as counsel on her behalf. He has informed the civil attorneys that he has instructed M.S. that she is to protect her 5th amendment rights. He was given an extension of one week (to June 9, 2021) to present exculpatory materials.

Mr. Kopp reports as of June 9, 2021 "I sent an email to Det. Garcia yesterday detailing much but not all of the exculpatory information that I know about. I told him I would get him the rest of it next week, including citations to specific case numbers…Even after I provide the additional information to him, I expect it will take weeks if not months before we know if formal criminal charges will be brought against [M.S.]" ***"All I have right now is the detective's assurance

that he will ask his supervisor if they can make an exception to their policy and request a non-detained petition from the DA"

Such motion will be presented based on this Notice and the attached moving papers, the files and records of the Court and such other and further matters as may be brought before the Court.

June 10, 2021                              BAKER, OLSON, LeCROY & DANIELIAN

BY:_____Eric Olson_____
Eric Olson, attorneys for Charles L. LeCroy III as Guardian ad litem of M.S.

POINTS AND AUTHORITIES

I.

INTRODUCTION

The Court has authority to stay the civil proceedings where the interests of justice require such an action. See *Securities Exchange Commission v. Nicholas* 569 F. Supp 2d 1065 (CD CA 2008) "After carefully considering Defendants' concerns and the factors enumerated by the Ninth Circuit in *Keating*, the Court concludes that a complete stay of the civil case is in the best interest of justice." ***"The Court has a substantial interest in protecting Defendants…constitutional

right to a fair trial in the criminal case. See *Press-Enter. Co. v. Superior Court of Cali, Riverside County*, 464 U.S. 501, 508, 104 S.Ct 819, 78 L.Ed.2d 629 (1984)(No right ranks higher than the right of the accused to a fair trial.")" 569 F. Supp 2d @ 1072-1073. "A district court has the discretion to stay a civil action in favor of parallel criminal proceedings if a stay is in the 'Interest[] of justice". See *Keating v. Office of Thrift Supervision* 45 F.3d 322, 324 (9th Cir 1995)." 569 F. Supp 2d @ 1069  (See also Pacers, Inc. v. Superior Court, 162 Ca1.App.3d 686 Moreover, there is no prejudice to Defendant Vahe Saroyan and, because the investigation of the LAPD involves him as well, his 5th Amendment rights are preserved should he desire to raise them. The civil matter should therefore be stayed until resolution of the criminal proceeding against Defendant is resolved.

II.

FACTS

Defendant M.S. is under active investigation and under threat of imminent arrest in connection with an incident involving her and her father, Vahe Saroyan. Her attorney is actively in the process of presenting exculpatory evidence to the LAPD in hopes of avoiding the threated arrest and filing of criminal charges against her. There is no doubt that Defendant's Fifth Amendment rights are implicated by this parallel civil proceeding.  Defendant M.S. will be unable to offer a complete testimony regarding key underlying factual issues without waiving her Fifth Amendment rights.

III.

THE CASE SHOULD BE STAYED BECAUSE A CRIMINAL CASE IS PENDING

. . When civil and criminal cases arise out of the same conduct, which could substantially implicate a defendant's Fifth Amendment rights, a stay in civil proceedings is proper.  S.E.C. v. Nicholas, 569 F.Supp.2d 1065, 1072-73 (C.D. Cal. 2008).

The primary inquiry in decisions evaluating whether to stay a case in the face of an ongoing criminal case is to first consider how the Defendant's Fifth Amendment rights are implicated. Here it is the ability of M.S. to fully and frankly testify about the relationship of herself and her mother with her father Vahe Saroyan. This is particularly awkward where the trier of fact is the jury as it is here.

<u>Keating Factors</u>

The court is then to weigh additional factors outlined in *Keating v. Office of Thrift Supervision,* supra: "(1) the interest of the plaintiffs in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden that any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Keating, 45 F.3d 322, 324-325 (9th Cir. 1995).

In assessing the impact on a Defendant's Fifth Amendment rights considered together with the above identified Keating factors, courts have granted a stay of civil proceedings even where a Defendant faces the mere threat of criminal charges. See Pacers, 162 Cal.App. 3d 686, [directing trial court to stay alleged assailants' depositions, in a civil assault case, until after expiration of the criminal statute of limitations, despite no formal indictment filed. The court recognized that postponing the defendants' depositions would cause inconvenience and delay to the parties but emphasizing that protecting a party's Constitutional rights was paramount].

Analysis of the factors outlined in Keating support granting a stay of the civil matter. The second Keating factor is discussed in detail above explaining that proceeding with the civil action would cause an insurmountable burden upon Defendant M.S,. As to the first Keating factor, co Defendant Vahe Saroyan will

suffer no prejudice if this lawsuit is stayed because he has already filed the pleadings to perfect his claims. In addition, he has no urgent reason to expedite the civil action because he is also involved in the investigation of the LAPD case so his 5th Amendment rights are preserved as well.

To address the third Keating factor, the convenience of the court weighs in favor of a stay as there is nothing to be gained by moving forward now. The LAPD Case will likely be concluded within months. All potential issues will be eliminated if a full stay issues until all related criminal charges have been resolved.

In regards to the fourth Keating factor, interests of persons that are not parties to the action will not be adversely affected by a stay. Here, Defendant is not aware of any third parties that would in any way be adversely affected by an order granting the stay. The Third party in this case has raised no objection to this stay.

As to the final Keating factor, the interest of the public favors a stay because the public has an interest in ensuring that a parallel civil matter does not undermine a criminal case. Unlike the Keating situation, none of these matters is being litigated in the context of widespread public attention. Absent a stay, this case will necessarily impact the ongoing criminal case, a scenario that does not further the public's interest in a justice system that seeks to ensure fair resolutions of both civil and criminal matters. A stay of the instant matter would promote the public interest by providing Defendant M.S. a meaningful opportunity to properly defend herself in this civil action and protecting her Constitutional rights in the LAPD case.

IV.

CONCLUSION

Based on the foregoing, the Court should stay this civil action until

//

Defendant M.S.'s criminal proceedings have been resolved, so that M.S. is not penalized for the valid assertion of her Fifth Amendment privilege.

June 10, 2021                                    BAKER, OLSON, LeCROY & DANIELIAN


BY:_____Eric Olson_____
Eric Olson, attorneys for M.S. and Charles L. LeCroy III as Guardian ad litem of M.S.