Eric Olson #37630
Baker, Olson, LeCroy & Danielian
100 W. Broadway #990
Glendale, CA 91210
Tel: 818 502 5600
Fax: 818 241 2653
Email: eoesq@boldlaw.com

ATTORNEYS FOR CHARLES L. LeCROY III as Successor Guardian ad Litem of M.S.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>M.S. a minor by and through her guardian CHARLES L. LeCROY III, VAHE SAROYAN, MIHRAN PAPAZIAN, DOES 1-10,<br><br>Defendants. | NO. 2.19-CV-09628-MCS-AGRx<br><br>DECLARATION OF ERIC OLSON IN SUPPORT OF MOTION BY CHARLES L. LeCROY III AS GAL OF M.S. TO STAY PROCEEDINGS TO PROTECT 5TH AMENDMENT RIGHTS OF M.S<br>Hearing: July 12, 2021<br>Time: 9:00 am<br>Courtroom: 7C<br>350 W. First St<br>Los Angeles, CA<br>Hon. Mark C. Scarsi |

DECLARATION OF ERIC OLSON

Eric Olson states:

1. I am a member of Baker, Olson, LeCroy & Danielian and one of the attorneys for Charles L. LeCroy III as Guardian ad Litem for M.S. in this case. All matters set forth herein are of my own first hand knowledge and I am competent

to testify thereto unless otherwise stated.  I make this declaration in support of the Motion to Stay Proceedings to Protect 5th Amendment Rights of M.S. .

2.      The criminal matter referred to (LAPD Case) arises out of the complicated circumstances of which this case is a part.  Nelli Gazaryan was the mother of M.S. (now 17 years old) and the wife of Defendant Vahe Saroyan, although she and Vahe Saroyan had a dissolution proceeding pending at the time of her death in April, 2019.  During her lifetime she had purchased in her own name and paid for an insurance policy (which is the subject of this litigation) and a condominium (which is the subject of a proceeding in Los Angeles County Superior Court no. 19STPB07622 Estate of Nelli Ghazarian Spousal Property Petition.

3.      M.S. has, since her mother's death, lived at the Condominium.  Although he contends in the State Court proceeding that he owns the Condominium, Vahe Saroyan has, during the pendency of this litigation and especially in recent months only occasionally sought to enter the condominium other than to deliver food or for comparable purposes.  There have, however, been occasional arguments including shouting by Vahe Saroyan.  Partial transcripts translated into English are on file in this case (see Dkt 82-1).  I was aware at the time that there had been an incident on the night of March 29, 2021 but after a short period nothing further had been heard of it. I have heard a recording of Defendant Vahe Saroyan shouting loudly on that occasion.

4.      On May 26, 2021, the parties had engaged in the second of two mediation sessions with Hon. Mary Thornton House (ret) which ended at a stalemate.

5.      On May 27, 2021 at 9:54, I received an email from Natalie Rodriguez, a long time friend of Nelli Gazaryan and M.S. stating, "[M.S.] just called me right now.  Her father was standing over her head waking her up and forcing her to come downstairs to talk to detectives!!"  The memorandum of Charles L. LeCroy of the events that morning states "She [M.S.] called me, then Natalie on a 3 way call…[S]he went down with the two of us on a speakerphone.  I identified myself

and the officer wrote down all my info. He said he was there as a result of the report filed about the 3/29 incident, when she had reportedly thrown a Fabreeze bottle and a pill bottle and hit [Defendant herein Vahe Saroyan, her father] in the head." "The officer said that he was not there to question her about that, but to offer the opportunity to enroll in a diversion program. If she did not choose the program 'according to the LAPD policy and procedures' he would arrest her, book her at Van Nuys, and then transport her to the juvenile facility at Sylmar, where they would decide next steps for her." "With diversion, the charges would essentially be dropped. I clarified that she did not have to choose on the spot and he gave her until Wednesday to decide" (I have personally heard a recording of the material quoted by Mr. LeCroy above. By the end of that day we learned that attorney Shepherd Kopp had been engaged to represent her in the criminal proceedings and had gone to the Police Station.

6. The attorney for Vahe Saroyan has represented to me on multiple occasions that Vahe Saroyan has told the Los Angeles Police Department that he does not wish to pursue the matter.

7. In response to my requests for information on the status of the case as of June 9, 2021, Mr. Kopp wrote me ""I sent an email to Det. Garcia yesterday detailing much but not all of the exculpatory information that I know about. I told him I would get him the rest of it next week, including citations to specific case numbers…Even after I provide the additional information to him, I expect it will take weeks if not months before we know if formal criminal charges will be brought against [M.S.]" ***"All I have right now is the detective's assurance that he will ask his supervisor if they can make an exception to their policy and request a non-detained petition from the DA"

8. In my opinion (and in the expressed opinion of attorney Pat Harris, attorney for the third Defendant, Mihran Papazian) the relationship between M.S. and her father, Vahe Saroyan, will be a material part of the testimony presented

DECLARATION OF ERIC OLSON IN SUPPORT OF MOTION BY CHARLES L. LeCROY AS GAL OF M.S. TO STAY PROCEEDINGS TO PROTECT 5TH AMENDMENT RIGHTS OF M.S. 3

and inevitably testimony about the incidents described above, including the incident of March 29, 2021 will be appropriate. Among the major factual issues will be the question of the date of separation between Nelli Ghazaryan and Vahe Saroyan, she having alleged in her dissolution petition that it was in 2013 and he alleged that it was in 2018. M.S. will be a key obvious witness on this question, among others.

9.     On multiple occasions orally and in writing I have met and conferred with the attorney for Vahe Saroyan seeking a stipulation for a stay and she has declined. The attorney for Mihran Papazian has been present and supported my discussion with the attorney for Vahe Saroyan as to the materiality and importance of the testimony of M.S. to both parties.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on June 10, 2021 at Glendale, California.

                                        __s/Eric Olson_____
                                        Eric Olson