Eric Olson #37630
Baker, Olson, LeCroy & Danielian
100 W. Broadway #990
Glendale, CA 91210
Tel: 818 502 5600
Fax: 818 241 2653
Email:     eoesq@boldlaw.com

ATTORNEYS FOR CHARLES L.
LeCROY III as Successor Guardian ad Litem of M.S.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELIASTAR LIFE INSURANCE COMPANY<br><br>    Plaintiff,<br>vs.<br>M.S. a minor by and through her guardian CHARLES L. LeCROY III, VAHE SAROYAN, MIHRAN PAPAZIAN, DOES 1-10,<br><br>    Defendants. | NO. 2.19-CV-09628-MCS-AGRx<br><br>DECLARATION OF ERIC OLSON REGARDING ORDER TO SHOW CAUSE<br><br>Due:        June 15, 2021<br>Time:<br>Courtroom:  7C<br>                     350 W. First St<br>                     Los Angeles, CA<br>Hon. Mark C. Scarsi |

ERIC OLSON states:

1. I am a member of the firm of Baker, Olson, LeCroy & Danielian and attorney for Charles L. LeCroy III as Guardian ad Litem for M.S. All matters set forth herein are of my own first hand knowledge unless otherwise stated and I am competent to testify thereto. I make this declaration in response to the Order to Show Cause dated May 28, 2021 (Dkt 103).

2. I confess totally to having failed to make the filings referred to in the Order to Show Cause (Dkt 103). I WILL NOT LET THIS MISTAKE HAPPEN AGAIN.  I offer the following information for the Court's consideration.

### Efforts to Resolve Case

3. We fell into the trap of having a mediation set for 5/18 21 (Dkt 101)(which we hoped would resolve the whole issue with a significant saving for the minor M.S. and which eventually went approximately 12 hours) followed by a second mediation on 5/26/21 (Dkt 102)(which went approximately 4 hours.)  The parties have since met and conferred in person twice to discuss the response to the OSC as well as the potential for settlement. It appears unlikely that we will manage to settle by June 15 if at all.

### Outline of the Case and Related Matters

4. This case is complicated enough, but it is only a part of the complicated circumstances confronting the parties.  Nelli Gazaryan was the mother of M.S. (now 17 years old) and the wife of Defendant Vahe Saroyan, although she and Vahe Saroyan had a dissolution proceeding pending at the time of her death in April, 2019.  During her lifetime she had purchased in her own name and paid for an insurance policy (which is the subject of this litigation) and a condominium (which is the subject of a proceeding in Los Angeles County Superior Court No. 19STPB07622 Estate of Nelli Ghazaryan Spousal Property Petition.

5. This Court is holding $1,000,000 in proceeds of an insurance policy by Reliastar insuring the life of Nelli Ghazaryan as the result of an interpleader by Reliastar.

    a. It is easiest to think of the policy proceeds as two halves of $500,000 each.  One half, everyone agrees, whether the policy is perceived as separate or community property, goes to M.S.  Earlier this year I had broached to counsel the possibility of a stipulation to release this half to M.S.; this effort failed but with the imminence of Mediation or, failing that, trial, I took no further steps at that time.  I now contemplate filing a motion to release those funds, a matter made more pressing by the need to pay her new counsel, Shepherd Kopp, in the criminal matter below.

    b. As to the second half, the dispute is as follows; originally the policy named Nelli Ghazaryan's daughter, M.S. as the sole beneficiary. In April, 2019, shortly before she died, against a background of the pending dissolution proceeding and perceived threats by Vahe Saroyan to attempt to claim an interest in the policy, she submitted a change of beneficiary form naming as beneficiary M.S. 55% and her friend Mihran ("Mike") Papazian 45%.  Mr. Papazian has on file in this case his statement of his intent to hold whatever he recovers for the benefit of M.S. (Dkt 86-1).  Vahe Saroyan contends that he is entitled to the entirety of this half as his community property interest.  M.S. contends that she is entitled to all of this half, either through Mr. Papazian's undertaking to hold his share for her benefit or, if, as Vahe Saroyan contends, the Change

of Beneficiary is invalid, the beneficiary designation would revert to her for 100% which she contends her mother was legally entitled to provide for her support; she contends for a variety of reasons that Vahe Saroyan has no community property interest.

6. In the State case, although the condominium was purchased by Nelli Ghazaryan in her own name and paid for by her, Vahe Ghazaryan filed the State case, claiming that the condominium was a community property asset and he was entitled to it in full. M.S. has appeared therein through her counsel, Arbella Azizian and Guardian ad Litem, now Adam Streltzer, contending that she is entitled to the condominium in its entirety or, if it was determined to be community property, she is entitled to half. The situation is complicated because of a second trust deed on the condominium. Nelli Ghazaryan was, during her lifetime, a bail bond agent. Under the terms of her agency, she was authorized to write bail bonds on behalf of Lexington National Insurance Corporation but to secure contingent liabilities if a bonded person failed to appear, the bonding company holds the second deed of trust securing her Bail Bond Underwriting Agreement. It is hoped that in due course all of the bonds will be exonerated, but in the meantime, if the condominium were to be sold, all the equity would be paid to the bonding company to hold as security.

### Late Entry of Charles L. LeCroy III as GAL into Case

7. Originally the Guardian ad Litem for M.S. was Vahe Saroyan's father (M.S.'s grandfather). He was appointed without her knowledge and for a number of reasons was deemed unsuitable not only by M.S. (see e.g. Dkt 51, 66, 67, 74, 82) but by his

former attorney (See e.g. Dkt 58, 84). Among the complaints of M.S. was that her grandfather had filed an Answer conceding to Vahe Saroyan the entirety of the second half of the proceeds rather than assert her claims to that half. Vahe Saroyan also joined in contending that if his father were removed, he should be replaced not with M.S.s chosen representative, but by someone else (See e.g. Dkt 57, 68, 73, 83). The matter was finally resolved by Magistrate Judge Rosenberg in her ruling November 25, 2020 (Dkt 89). Related proceedings occurred through December 14, 2020 (Dkt 91). On December 28, 2020 the parties stipulated that Charles L. LeCroy III as GAL could file his amended answer (Dkt 93) which the Court approved January 5, 2021 (Dkt 95) and the Amended Answer was filed January 6, 2021 (Dkt 96).

<u>Motion to Stay Pending Resolution of Criminal Proceeding</u>

8. On June 6, 2021, I filed a motion to stay proceedings pending the resolution of criminal proceedings (Dkt 104) to be heard July 12, 2021. The background of that matter is, as outlined in my declaration in support thereof,

*5. On May 27, 2021 at 9:54, I received an email from Natalie Rodriguez, a long time friend of Nelli Gazaryan and M.S. stating, "[M.S.] just called me right now. Her father was standing over her head waking her up and forcing her to come downstairs to talk to detectives!!" The memorandum of Charles L. LeCroy of the events that morning states "She [M.S.] called me, then Natalie on a 3 way call…[S]he went down with the two of us on a speakerphone. I identified myself and the officer wrote down all my info. He said he was there as a result of the report filed about*

*the 3/29 incident, when she had reportedly thrown a Fabreeze bottle and a pill bottle and hit [Defendant herein Vahe Saroyan, her father] in the head." "The officer said that he was not there to question her about that, but to offer the opportunity to enroll in a diversion program.  If she did not choose the program 'according to the LAPD policy and procedures' he would arrest her, book her at Van Nuys, and then transport her to the juvenile facility at Sylmar, where they would decide next steps for her." "With diversion, the charges would essentially be dropped. I clarified that she did not have to choose on the spot and he gave her until Wednesday to decide" (I have personally heard a recording of the material quoted by Mr. LeCroy above).  By the end of that day we learned that attorney Shepherd Kopp had been engaged to represent her in the criminal proceedings and had gone to the Police Station.*

*6.  The attorney for Vahe Saroyan has represented to me on multiple occasions that Vahe Saroyan has told the Los Angeles Police Department that he does not wish to pursue the matter.*

*7.  In response to my requests for information on the status of the case as of June 9, 2021, Mr. Kopp wrote me ""I sent an email to Det. Garcia yesterday detailing much but not all of the exculpatory information that I know about.  I told him I would get him the rest of it next week, including citations to specific case numbers…Even after I provide the additional information to him, I expect it will take weeks if not months before we know if formal criminal charges will be brought against [M.S.]" ***"All I have right now is the detective's assurance that he will ask his supervisor if*

> *they can make an exception to their policy and request a non-detained petition from the DA"*

9. I have received a copy of the GAL Report Number 2021-1 of Adam Streltzer to the State Court recommending, in light of my motion, that that matter be continued for 90 days.

## Conclusion

10 For reasons stated, I request that the Court show mercy in the amount of sanctions, and give me the opportunity to resolve this matter to maximize recovery and minimize delay on behalf of M.S. the minor, who will be a senior in High School this coming semester so that she may enjoy financial independence as contemplated by her mother and peace in her family.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed June 14, 2021 at Sierra Madre, California.

_s/Eric Olson_____
Eric Olson